DANIEL YUROW, PROSECUTOR, v. JERSEY HAT COR-
PORATION, RESPONDENT.

Argued January 19, 1944—Decided March 23, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
COLIE.

For the prosecutor, *David Roskein* and *John A. Laird*.

For the respondent, *John W. Taylor*.

The opinion of the court was delivered by

BODINE, J. Prosecutor was employed by the Jersey Hat
Corporation. He was unable to work because of mercurial
poisoning, an occupational disease, and was awarded com-
pensation in the Bureau. On appeal to the Court of Common
Pleas the award was reversed. *Certiorari* was allowed.

The proofs show that the disease was of long standing and
the employee had been treated for and informed of his con-
dition long before he ceased to work. He continued however
in his employment, and there is nothing to indicate inca-
pacity till January 14th, 1941, when he did not return to his
place of employment. A few days later he was visited by
the secretary of the employer corporation, who, possessed of
ordinary intelligence, must have had knowledge of the symp-
toms of mercury poisoning—a disease common in the hat
industry.

Prosecutor's claim for compensation, because of mercurial
poisoning while in defendant's employ, was filed with the
Bureau on May 14th, 1941.

The statute *R. S.* 34:15-33 requires actual knowledge by the employer that the employee has contracted an occupational disease, or written notice thereof within a period of five months after the employee shall have ceased to be exposed to the cause of the disease.

Even if the proofs do not satisfy the requirements of knowledge by the employer of the nature of the disease (*Gamon Meter Co.* v. *Sims,* 114 *N. J. L.* 590), there was timely written notice of the claim to the insurance carrier.

It is contended that notice to it was not notice to the employer. This argument, we think, is specious since the employer, by its secretary, verified the answer filed in the Bureau. Without knowledge of the claim such course could not have been adopted.

The above determination makes it unnecessary to determine whether *Exhibit R-3* was properly received in evidence. Ordinarily, secondary evidence may not be received until the original is accounted for. *Linden Silk Co.* v. *Paterson Silk Throwing Co., Inc.,* 119 *N. J. L.* 482.

When prosecutor ceased work the Liberty Mutual Insurance Company insured the Jersey Hat Corporation. The risk was written but a few days before he ceased work and was incapacitated from further activity. The insurance company insuring the risk when the incapacity occurred is liable. *Textileather Corp.* v. *Great American Insurance, &c.,* 108 *N. J. L.* 121. As pointed out in that case, disease is progressive when the disability occurs determines the liability, and not when the disease has not resulted in such an occurrence.

Of course, the deputy commissioner should not have assessed the medical expenses incurred prior to January 14th, 1941, because there was no evidence that the employer was ever requested to furnish the services or had knowledge thereof.

So modified, the determination of the Bureau is affirmed and the judgment of the Court of Common Pleas is reversed.